UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PHILLIP DOUGLAS CIRISAN, )
a/k/a "Phillip-Douglas:Cirisan©", # 257461, )
  )
        Plaintiff, ) Case No. 1:07-cv-1281
  )
v. ) Honorable Janet T. Neff
  )
DAVE BURNETT, et al., ) **DISCOVERY ORDER**
  )
        Defendants. )
_____)

      This is a civil rights action brought by a state prisoner under to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-2(a). Plaintiff alleges that defendants violated his statutory and First Amendment rights by prohibiting him from possessing and wearing an "I.D.F. (Israel Defense Forces) yarmulke" with "I.D.F. Israeli Army" written on the side in "big yellow letters." (Complaint, ¶¶ 18, 22). The matter is before the court on plaintiff's motion to compel discovery from defendant Dave Burnett, former Special Activities Coordinator, Correctional Facilities Administration (CFA). (docket # 34).

      The two discovery requests at issue and the defendant's responses and objections are set forth below:

    3.    Please produce complete and current copies of the employment files of defendant Burnett.

    **RESPONSE:** Defendant objects. Employment records of MDOC employees are personal and confidential and to release them would constitute a breach of privacy. Release of these records poses a security risk. It should be noted that Department of Corrections personnel records are specifically exempted from disclosure under the Freedom of Information Act

        pursuant to statute and would pose security concerns if released.  In addition, these records are not relevant.

5.      Please produce for inspection and copying, any professional degrees, certificates, ordination, etc. for defendant Burnett.

**RESPONSE:**  Defendant objects to produc[ing] copies of the actual degree certificates because to release them would constitute a security risk.  However, defendant Burnett has a Masters of Divinity from Anderson University School of Theology, awarded June 1971.  He has completed five quarters of [] training in Clinical Pastoral Education: [o]ne quarter completed at Methodist Hospital in Indianapolis, Indiana in the summer of 1971, and four quarters completed at Hall Psychiatric Institute in Columbia, South Carolina in August of 1972.

Defendant's objections are well-founded.  Disclosure of the defendant's personnel file would pose an unwarranted security threat.  Production of the personal information relating to a high-ranking corrections official would be warranted only if the probative value and relevance to the issues in the case substantially outweighed the security threat posed by production.  *See* FED. R. CIV. P. 26(b)(2)(C).  In this case, plaintiff's discovery requests seek information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  *See Info-Hold, Inc. v. Sound Merch. Inc.*, 538 F.3d 448, 457 (6th Cir. 2008); *Gresh v. Waste Services of Am., Inc.*, 189 F. App'x 359, 361 (6th Cir. 2006).  Accordingly,

        IT IS ORDERED that plaintiff's motion to compel discovery (docket # 34) is DENIED.

        DONE AND ORDERED this 23rd day of December, 2008.

        /s/  Joseph G. Scoville
        United States Magistrate Judge